IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bruce L. Wishnefsky,                    :
               Petitioner              :
                               :
             v.                     :
                               :
Department of Corrections,              :    No. 491 C.D. 2019
               Respondent             :    Submitted: August 30, 2019


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                       FILED:  October 30, 2019


        Bruce L. Wishnefsky (Requester) petitions this Court for review of the Office of Open Records' (OOR) March 28, 2019 Final Determination dismissing his appeal as premature.  Requester presents one issue for this Court's review: whether his due process rights were violated when the Pennsylvania Department of Corrections (DOC) mailed its written response to Requester's Right-to-Know Law (RTKL)[1] request (Request) to the wrong address.  After review, we affirm.


**Facts**

        Requester is an inmate at the State Correctional Institution (SCI) at Laurel Highlands.  On February 8, 2019, Requester submitted a Request to DOC seeking "any contract, policy, procedure, administrative manual, or similar record that discusses the 'REF:' printed on some documents . . . followed by a six digit

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

number[.]" Certified Record (C.R.) Item 1 at 2 (Request). Pursuant to Section 901 of the RTKL:

> The time for response shall not exceed five business days from the date the written request is received by the open-records officer for an agency. If the agency fails to send the response within five business days of receipt of the written request for access, the written request for access shall be deemed denied.

65 P.S. § 67.901. On February 11, 2019, pursuant to Section 902 of the RTKL,[2] DOC invoked a 30-day extension to respond to the Request (Interim Response).[3] *See* C.R. Item 3 at 4 (Affidavit).[4] However, Requester did not receive the Interim Response until March 6, 2019. Consequently, on March 5, 2019, Requester appealed to the OOR, asserting that, pursuant to Section 901 of the RTKL, the Request was deemed denied (Requester's Appeal).

On March 5, 2019, DOC timely mailed its final response to Requester denying the Request because the record did not exist (Final Response).[5] *See* C.R. Item 3 at 10 (Final Response). On March 15, 2019, with respect to Requester's Appeal, DOC submitted its position statement, along with an affidavit from DOC's Open Records Officer Andrew Filkosky stating that DOC responded on March 5, 2019 denying the Request and that the Requester's appeal was premature. On March 28, 2019, the OOR issued and mailed its Final Determination dismissing Requester's

---

[2] 65 P.S. § 67.902 (relating to extension of time).

[3] The Interim Response was returned to DOC on February 23, 2019. *See* C.R. Item 3 at 8 (Returned Envelope). On February 28, 2019, the OOR again mailed the Interim Response to Requester.

[4] Although the Interim Response is not contained in the Certified Record, DOC's Agency Open Records Officer Andrew Filkosky declared in his affidavit that he mailed the Interim Response on February 11, 2019 and attached the returned envelope, *see* C.R. Item 3 at 8 (Returned Envelope), which was postmarked February 13, 2019.

[5] On March 22, 2019, Requester appealed from the Final Response. On April 16, 2019, the OOR issued a final determination denying Wishnefsky's appeal. Wishnefsky appealed from that final determination to this Court. That appeal is not currently before this Court.

Appeal as premature. On April 3, 2019, Requester filed a request for reconsideration with the OOR (Reconsideration Request). The OOR denied the Reconsideration Request on April 11, 2019. *See* C.R. Item 6 at 1 (Denial Letter). Requester appealed to this Court.[6]

On July 24, 2019, Requester filed a Motion to Expand the Record to include Exhibit A (Motion).[7] Requester asserts therein that, although he mailed Exhibit A to the OOR on March 27, 2019, it was not included in the Certified Record. By August 8, 2019 order, this Court directed that the Motion be decided with the merits of the appeal.

## Discussion

Initially, Section 902 of the RTKL provides in relevant part:

**(a) Determination.--**Upon receipt of a written request for access, the open-records officer for an agency shall determine if one of the following applies:

. . . .

(3) a timely response to the request for access cannot be accomplished due to bona fide and specified staffing limitations; [or]

. . . .

(7) the extent or nature of the request precludes a response within the required time period.

**(b) Notice.--**

(1) Upon a determination that one of the factors listed in subsection (a) applies, **the open-records officer shall send**

---

[6] "On appeal from the OOR in a[n] RTKL case, this Court's standard of review is *de novo* and our scope of review is plenary." *Dep't of Human Servs. v. Pennsylvanians for Union Reform, Inc.*, 154 A.3d 431, 435 n.8 (Pa. Cmwlth. 2017).

[7] Exhibit A is a letter from Requester to the OOR explaining why he believes his appeal is not premature.

> **written notice to the requester within five business days of receipt of the request** for access under subsection (a).
>
> (2) The notice shall include a statement notifying the requester that the request for access is being reviewed, the reason for the review, a reasonable date that a response is expected to be provided and an estimate of applicable fees owed when the record becomes available. If the date that a response is expected to be provided is in excess of 30 days, following the five business days allowed for in [S]ection 901 [of the RTKL], the request for access shall be deemed denied unless the requester has agreed in writing to an extension to the date specified in the notice.
>
> (3) If the requester agrees to the extension, the request shall be deemed denied on the day following the date specified in the notice if the agency has not provided a response by that date.

65 P.S. § 67.902 (text emphasis added). Here, as evidenced by the returned envelope, DOC mailed the Interim Response to Requester on February 11, 2019. *See* C.R. Item 3 at 8. Thus, DOC mailed the Interim Response within 5 days of Requester's February 8, 2019 Request. This Court acknowledges, and it is undisputed, that Requester did not receive said notice until March 6, 2019.

Requester argues: "Due process requires the government to provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Requester Br. at 6. However, Requester's argument is misplaced. The fact that Requester did not timely receive the Interim Response did not prevent him from appealing to the OOR from the Final Response. Indeed, an appeal from the Final Response is the appropriate forum for Requester to raise the argument that he did not have an opportunity to present his objections. However, that appeal is not before this Court. Accordingly, the OOR's Final Determination is affirmed.[8]

---

[8] Given the disposition of the merits of the appeal, Requester's Motion is denied as moot.

4

For all of the above reasons, the OOR's Final Determination is affirmed.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bruce L. Wishnefsky, : 
          Petitioner : 
           : 
          v. : 
           : 
Department of Corrections, :     No. 491 C.D. 2019
          Respondent : 

## O R D E R

AND NOW, this 30th day of October, 2019, the Office of Open Records' March 28, 2019 Final Determination is AFFIRMED and Bruce L. Wishnefsky's Motion to Expand the Record is DENIED as moot.

_____
ANNE E. COVEY, Judge